UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal No. 6:13-cr-48-GFVT-HAI-1 |
| V. | ) | |
| AARON ROBERTS, | ) | **MEMORANDUM OPINION** **&** **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Roberts's violation of supervised release. [*See* R. 322.] Magistrate Judge Hanly Ingram issued a Recommended Disposition pursuant to Defendant's violation. [R. 324.] Judge Ingram recommended revoking Defendant Robert's supervised release and imposing a term of imprisonment of twelve months and one day followed by thirty six months of supervised release.

Under Federal Rule of Criminal Procedure 59(b), a party has fourteen days after service to register any objections to the recommended disposition or else waive his rights to appeal. *See also* 28 U.S.C. § 636(b)(1). In order to receive *de novo* review by this Court, any objection to the report and recommendation must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citation omitted). A general objection that fails to identify specific factual or legal issues from the report and recommendation, however, is not permitted since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Although Defendant Roberts, through counsel, waived his right to allocution [R. 325], he nonetheless filed timely objections to Judge Ingram's Recommended Disposition. [R. 326.] Roberts objects to (1) the Sixth Circuit's holding that one positive drug screen equates to possession of an illegal drug, which mandates revocation of supervised release under 18 U.S.C. § 3583, and (2) the Magistrate Judge's consideration of Roberts's prior probation violations. *Id.* at 4. Defendant Roberts did not request, and the Court did not hold, an allocation hearing. Roberts's noted objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law, and statutory authority, as well as applicable procedural rules. For the reasons that follow, Roberts's objections will be **OVERRULED.**

# I

Judge Ingram's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of this case. Below, the Court mentions the key facts to frame its discussion and analysis, but chooses to incorporate Judge Ingram's discussion of the record into this Order.

The Court entered judgment against Roberts on April 9, 2015, for conspiring to manufacture 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. [R. 301.] Roberts received a sentence of thirty eight months in the custody

of the Bureau of Prisons, followed by forty eight months of supervised release.[1] *Id.* Defendant Roberts began his term of supervised release on October 13, 2017. [R. 324 at 2.] He violated the terms of his supervised release less than a month later when, on November 7, 2017, he provided a urine sample that tested positive for methamphetamine. *Id.* This is a Grade C violation. *Id*. In accordance with Sixth Circuit precedent, however, Defendant Roberts was also charged with the violation of committing another federal, state, or local crime – possession of an illegal substance – based on his positive drug screen. *Id. See also United States v. Crace*, 207 F.3d 833, 837 (6th Cir. 2000). This is a Grade B violation. Defendant Roberts's criminal history category is III. [R. 324 at 4.] Based on his criminal history category and his Grade B violation, Roberts's guideline range for this violation is eight to fourteen months. *See* U.S.S.G. § 7B1.4(a).

## II

Although Roberts admits to the conduct and factual basis that led to his positive drug screen [R. 324 at 3], he objects to Judge Ingram's finding that his testing positive for methamphetamine requires revocation under the law. [R. 326.] Defendant Roberts explains in detail, using certain canons of statutory interpretation, why a single use of illegal drugs should not mandate revocation of a term of supervised release under 18 U.S.C. § 3583(g). *Id.* The argument relies on the differences between subsections (g)(1) and (g)(4) of § 3583. Roberts maintains that Congress could not have intended mandatory revocation for a single positive drug screen under § 3583(g)(1) since it listed under § 3583(g)(4) mandatory revocation for more than

---

[1] The Court's judgment indicates Defendant Roberts was sentenced for conspiracy to manufacture 50 grams or more or methamphetamine. [R. 301.] However, the indictment and the plea agreement show Roberts was charged with, and pled guilty to, conspiracy to manufacture a mixture or substance containing a detectable amount of methamphetamine. [*See* R. 1; R. 297.] Additionally, the Court sentenced Roberts to serve 60 months in BOP custody, but adjusted that sentence downward by 22 months in order to give Roberts credit for time served on a state court matter in Ohio. [R. 301.]

3

three positive drug screens in the course of one year. *See id.* The contention lies with the Sixth Circuit's holding that any positive drug screen requires revocation because drug usage equates to drug possession, which violates federal, state, and local laws. *See id.*; *Crace*, 207 F.3d at 837. While Defendant Roberts's argument is noted, Roberts also states his understanding that the United States District Court for the Eastern District of Kentucky is bound by the Sixth Circuit's precedent on this point. [R. 326 at 4.] As such, the Court overrules this objection.

Defendant Roberts next objects to Judge Ingram's consideration of past probation violations when structuring a reasonable recommendation for this violation. [R. 326 at 4-5.] According to Roberts, "[i]f the guidelines do not permit criminal convictions more than 15 years old to be considered in calculating a defendant's criminal history, . . . it is procedurally unreasonable to cite instances of past misconduct more than 15 years ago to justify Roberts' sentence now." *Id.* at 8-9. While Roberts argues that these violations occurred more than 15 years ago and, therefore, should not be considered when structuring an appropriate sentence here, Roberts points to no authority suggesting such a consideration is improper. *See id.*

Judge Ingram appropriately considered all of the 18 U.S.C. § 3553 factors, imported to revocation hearings by § 3583(e), in coming to his recommended sentence. One of the factors considered by the Magistrate is the defendant's history and characteristics, which include the expediency in which Roberts violated his term of supervised release. *Id.* at 7-8. Judge Ingram also noted the "very close link between [Roberts] current violation conduct and his original conviction. . . ." *Id.* at 7. While Judge Ingram also considered Defendant Roberts's past probation violations, "including nine separate instances of cocaine use that resulted in probation revocations," this consideration supports Judge Ingram's recommendation to deny Defendant

4

Roberts's request for a sentence below the guideline range more than it supports the Magistrate's recommendation for a within-guideline sentence on this violation. *See id.* at 9. In further support of the within-guideline recommendation, Judge Ingram mentioned the danger to the community involved with each of Roberts's instances of drug use, the fact that Roberts has already had the opportunity to complete the RDAP program, the history of leniency provided Roberts by the Court, and the need to deter additional criminal conduct. *Id.* at 7-9. All of the factors considered by Judge Ingram justify his recommendation of a within-guideline sentence. Additionally, the sentence recommended is not only within the guideline range applicable to Roberts's violation, but also potentially allows Roberts to earn good time credit toward an early release. *See id.* at 9. Thus, the Court finds Judge Ingram's considerations and recommendation to be both procedurally and substantively reasonable. Also, the Magistrate's recommended sentence is sufficient but not greater than necessary to address the statutory factors as defined in 18 U.S.C. §§ 3553(a) and 3583(e). Therefore, the Court overrules Roberts's objection for procedural unreasonableness.

## III

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby **ORDERED:**

1. The **Defendant's Objections [R. 326]** to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation **[R. 324]** is **ADOPTED** as and for the opinion of the Court;

3. Aaron Roberts is found to have violated the terms of his supervised release as set

forth in the Petition filed by the United States Probation Office and the Recommended Disposition of the Magistrate Judge;

4. Mr. Roberts's supervised release is **REVOKED**;

5. Mr. Roberts is **SENTENCED** to the Custody of the Bureau of Prisons for a term of imprisonment of twelve months and one day, followed by a thirty-six month term of supervised release under the same conditions originally imposed; and

6. Judgment shall issue promptly.

This the 20th day of December, 2017.

Gregory F. Van Tatenhove
United States District Judge