UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:13-cr-00048-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| AARON ROBERTS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition [R. 414] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant Aaron Roberts is charged with two violations of his supervised release conditions. *Id.* at 3. For the reasons that follow, the Recommended Disposition [R. 414] will be adopted.

Judgment was originally entered against Mr. Roberts in April 2015, after he pled guilty to one count of conspiracy to manufacture fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine. *Id.* at 1. Mr. Roberts was then sentenced to thirty-eight months of imprisonment, followed by a two-year term of supervised release. *Id.* Mr. Roberts began his term of supervised release on October 13, 2017. *Id.* at 2.

On December 20, 2017, the Defendant's supervised release was revoked for the first time after he was found guilty of two violations, each stemming from his submission of a urine sample to his probation officer which tested positive for methamphetamine. [*Id.*; R. 324.] As a result of these violations, Mr. Roberts was sentenced to twelve months and one day of imprisonment, followed by a three-year term of supervised release. [R. 414 at 2.] On October 12, 2018, Mr.

Roberts was again released and began his additional term of supervision. *Id.*

On June 25, 2019, the United States Probation Office issued a Supervised Release Violation Report which initiated these proceedings. *Id*. at 3. The Report charged Mr. Roberts with two violations stemming from Defendant's admission to the use of methamphetamine. *Id.* Specifically, Violation 1 alleges that Mr. Roberts violated the condition of his supervised release which requires him to refrain from any unlawful use of a controlled substance. *Id.* This conduct would constitute a Grade C violation. *Id.* Violation 2 alleges that Mr. Roberts violated the condition that requires he not commit another federal, state, or local crime. *Id.* Based on Mr. Roberts' prior drug conviction, use is the same as possession. *Id.* Therefore, his admitted use of methamphetamine is conduct in violation of 21 U.S.C. § 844(c), Possession of a Controlled Substance, a Class E Felony. *Id.* This conduct would constitute a Grade B violation. *Id.*

At the final hearing on July 22, 2019, Mr. Roberts competently entered a knowing, voluntary, and intelligent stipulation to Violations 1 and 2 as charged in the Report. [R. 412.] The parties did not offer a jointly recommended sentence. [R. 414 at 4.] The United States argued for fourteen months of imprisonment followed by two years of supervised release. *Id.* Defense counsel argued for a Guideline Range sentence with a period of supervised release to follow to provide Mr. Roberts with stability. *Id.* On August 20, 2019, Judge Ingram issued a Recommended Disposition which recommended revocation of Mr. Roberts' supervised release and a term of thirteen months of imprisonment with two years of supervised release to follow. *Id.* at 8.

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence. *Id.* at 5. The current violations arising from Mr. Roberts' use of methamphetamine are closely linked to his original conviction for methamphetamine trafficking.

*Id.* at 7.  His use of methamphetamine creates concern that he will begin trafficking again.  *Id.*  As such, it is clear there is a real need to deter future criminal conduct because it puts both Mr. Roberts and the community at risk.  *Id.*  Relatedly, as Judge Ingram noted, Congress does mandate revocation in a case of this nature.  *Id.* at 6.

This Court has provided Mr. Roberts with multiple opportunities to receive treatment for his drug addiction.  *Id.* at 2, 7.  Unfortunately, the present violations show that Mr. Roberts has again relapsed.  *Id.* at 2–5.  Indeed, Mr. Roberts indicated to the court that he cannot promise that he will stop using drugs, although he wants to stop.  *Id.* at 5.  Mr. Roberts' desire to overcome his addiction is to be commended, however, his continued drug use in light of the treatment opportunities he has been afforded is a significant breach of the Court's trust.  *Id.* at 7.  The Court reminds Mr. Roberts that the primary wrong in the supervised release context is the violation of the Court's trust.

There are several mitigating factors in Mr. Roberts' case.  Judge Ingram notes that he is a good worker and, further, that he was honest with the USPO and the Court concerning his recent use and his addiction.  *Id.* at 8.  However, the aggravating factors in this case, particularly the recurring breaches of the Court's trust, warrant a significant term of imprisonment.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of service.  *Id*. at 9; *see* 28 U.S.C. § 636(b)(1).  No objections have been filed, and Defendant Roberts submitted a waiver of allocution.  [R. 416.]  Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made.  28 U.S.C. § 636(b)(1)(c).  When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other

3

standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 414**] as to Defendant Aaron Roberts is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Roberts is found to have violated the terms of his Supervised Release as set forth in the Report and Addendum filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Mr. Roberts' Supervised Release is **REVOKED**;

4. Mr. Roberts' final hearing, previously scheduled for Thursday, October 31, 2019, is **CANCELLED**;

5. Mr. Roberts is **SENTENCED** to the Custody of the Bureau of Prisons for a term of **thirteen (13) months** of imprisonment; and

6. A two-year term of supervised release, under the same conditions previously imposed in Mr. Roberts' prior revocation judgment [R. 330].

This the 17th day of October, 2019.

Gregory F. Van Tatenhove
United States District Judge